Malgorzata DUSZAK, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 03–1424 C.

United States Court of Federal Claims.

Nov. 18, 2003.

---

17. AR at 145.

20. AR at 146.

21. It is not, therefore, necessary for the court to address the other arguments made by plaintiff.

Malgorzata Duszak, McKeesport, PA, pro se.

Sonia M. Orfield, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director and Deborah A. Bynum, Assistant Director, Civil Division, Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

HEWITT, Judge.

This is a takings action. Before the court is defendant's Motion to Dismiss. For the following reasons, defendant's motion is GRANTED.

## I. Background

On June 10, 2003, plaintiff Malgorzata Duszak filed a takings claim in this court against the United States of America. Complaint (Compl.) at 1. Plaintiff's claim arises out of the removal by the United States Marshals Service (USMS) of plaintiff's personal property from her sublet apartment. Compl. ¶¶ 5, 12, 13. Plaintiff sublet the apartment, located at 370 Negley Avenue in Pittsburgh, Pennsylvania, from Mutual Assignment & Indemnity Company (MAIC).[1] Id. ¶¶ 4, 5. Plaintiff states that, because she often traveled, plaintiff rarely stayed in her apartment. Id. ¶ 7.

Plaintiff alleges that the USMS entered her apartment searching for a man, Mr. Keith Maydak, id. ¶ 11, who "did not, does not, and never resided in the apartment," id. ¶ 10, and "[b]ased on information and belief," the USMS took personal items from the apartment, id. ¶ 12. Plaintiff states that the USMS had a civil bench warrant for the arrest of Mr. Maydak in connection with his failure to appear for a supervised release hearing before the United States District Court for the Western District of Pennsylvania.[2] Id. ¶ 8. Plaintiff asserts that, based on Mr. Maydak's association with her apartment sublessor MAIC, the USMS believed that he

resided at plaintiff's apartment, MAIC's rental property. Id. ¶ 9.

In the course of conducting a search for Mr. Maydak, the USMS entered plaintiff's apartment and removed several personal items.[3] Id. ¶¶ 11–12. Plaintiff seeks just compensation for the removal of her personal property, specifically, personal papers and diaries. Id. ¶ 18.

Defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. Defendant's Motion to Dismiss (Def.'s Mot.) at 1. Defendant argues in particular that: "(1) [plaintiff] did not possess a property right which was taken by the Government's alleged action; (2) the Government action at issue in this case is not, by nature, a taking; and (3) Ms. Dus[z]ak's claim is not ripe." Id. at 4.

## II. Discussion

### A. Standard of Review

The jurisdiction of this court, like that of all federal courts, is limited. The Tucker Act, 28 U.S.C. § 1491, confers on this court jurisdiction of claims "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) governs dismissal for "lack of jurisdiction over the subject matter." RCFC 12(b)(1).

Defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). See Def.'s Mot. at 1. Plaintiff bears the burden of establishing that subject matter jurisdiction exists. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80

---

1. MAIC leased the apartment from ES Management Company. Compl. ¶ 4. "ES Management [Company] was aware at all times that MAIC intended to sublet the apartment." Id.

2. The warrant was dated September 27, 2001.

3. Included among the marshals entering plaintiff's apartment was Deputy Marshal Joseph Moorhead. Compl. ¶ 11.

L.Ed. 1135 (1936) ("[T]he party who seeks the exercise of jurisdiction in his favor ... must carry throughout the litigation the burden of showing that he is properly in court."); *Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1377 (Fed.Cir.1998) ("[T]he burden of establishing jurisdiction ... must be carried by [the plaintiff in the underlying suit]."). "A well-pleaded allegation in the complaint is sufficient to overcome challenges to jurisdiction." *Trauma Serv. Group v. United States,* 104 F.3d 1321, 1325 (Fed.Cir. 1997). But if the truth of jurisdictional facts are challenged, then the court may consider relevant evidence in order to resolve the factual dispute. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed. Cir.1988).

This court lacks subject matter jurisdiction to adjudicate a takings claim that is not ripe for review. *See Beekwilder v. United States,* 55 Fed.Cl. 54, 60 (2002) (If a claim is not ripe for review, the court lacks subject matter jurisdiction to adjudicate the dispute."). A court must determine whether a plaintiff's claim of a regulatory taking of property "is ready for judicial review under prudential ripeness principles." *See Suitum v. Tahoe Reg'l Planning Agency,* 520 U.S. 725, 733, 117 S.Ct. 1659, 137 L.Ed.2d 980 (1997) (noting that the only issue presented was whether plaintiff's claim was ripe). There are "two independent prudential hurdles to a regulatory taking claim brought ... in federal court." *Id.* at 733–34, 117 S.Ct. 1659. A property owner must show first that it has received a "final decision regarding the application of the [challenged] regulations to the property at issue" from "the government entity charged with implementing the regulations," *Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 186, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), and that it has sought "compensation through the procedures ... provided for doing so," *id.* at 194, 105 S.Ct. 3108. The second hurdle requires that the plaintiff demonstrate that "it has used the procedure and been denied just compensation." *Id.* at 195, 105 S.Ct. 3108.

Before addressing defendant's arguments concerning whether the removal of plaintiff's personal property during the USMS's execu-

tion of a bench warrant constitutes a taking, the court first considers the ripeness argument.

**B. Whether Plaintiff's Takings Claim is Ripe**

Defendant argues that plaintiff's claim must be dismissed as unripe. Def.'s Mot. at 13–15. Quoting *Greenbrier v. United States,* 193 F.3d 1348, 1358 (Fed.Cir.1999), defendant asserts that " 'for an "as applied" takings challenge to become ripe, the [g]overnment entity charged with implementing the statute, regulation, or ordinance at issue must have reached a "final decision" regarding its application to the property at issue.' " *Id.* at 13–14. As the Federal Circuit made clear in *Greenbrier,* "[t]his means that where a government entity provides procedures for obtaining such a final decision, a takings claim will not be ripe until the property owner complies with th[o]se procedures." 193 F.3d at 1359. Defendant states that in this case, "at least one such procedure is provided through the mechanism of Federal Rule of Criminal Procedure (Fed.R.Crim.P.) 41(g)." Def.'s Mot. at 14–15. Defendant observes that plaintiff "makes no claim that she has invoked this procedure." *Id.* at 15. Defendant notes that dismissal of plaintiff's complaint is proper because "until th[is] ordinary process[ ] ha[s] been followed the extent of the restriction on property is not known." *Id.* (quoting *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 535 U.S. 302, 340, 122 S.Ct. 1465, 152 L.Ed.2d 517 (2002) (citation omitted)). Defendant notes that in the Third Circuit, Rule 41(g) motions are "actions ... treated as civil proceedings for equitable relief." Defendant's Reply in Support of its Motion to Dismiss (Def.'s Reply) at 9 (citing *United States v. Bein,* 214 F.3d 408, 411 (3d Cir.2000)).

In response to defendant's ripeness argument, plaintiff asserts that "no criminal action exists for [her] to lodge ... a [Rule 41(g)] motion." Plaintiff Malgorzata Duszak's Opposition to the Defendant's Motion to Dismiss (Pl.'s Opp.) at 3. Plaintiff states that "the United States District Court for the Western District of Pennsylvania refused her the ability to file any paperwork in proceed-

ings related to Keith Maydak because she is not a 'named party.' " [4]  *Id.*

Rule 41(g) of the Federal Rules of Criminal Procedure states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Crim.P. 41(g). As noted in the Advisory Committee notes to Rule 41(e) of the Federal Rules of Criminal Procedure, the district court has jurisdiction to hear motions "to compel [the] return of property obtained by an illegal search and seizure." Fed. R.Crim.P. 41(e) advisory committee's note. Moreover, the Third Circuit has found that its district courts have jurisdiction over third party motions for the return of property, *see United States v. Frank,* 763 F.2d 551, 552 (3d Cir.1985) (stating that the district court had jurisdiction to entertain a third party motion to determine who had entitlement to evidence after the criminal prosecution concluded), and that such jurisdiction exists even after the termination of the criminal proceedings, *see United States v. McGlory,* 202 F.3d 664, 670 (3d Cir.2000) (holding that "a district court has jurisdiction to consider ... a Rule 41(e) motion ... filed after criminal proceedings had been completed"); *Bein,* 214 F.3d at 411 (finding that "[a] district court has jurisdiction to entertain a motion for return of property even after the termination of criminal proceedings against the defendant").

Plaintiff in this case complains that the USMS improperly seized her personal property while executing a warrant for the arrest of another person. Rule 41(g) of the Federal Rules of Criminal Procedure provides a mechanism for plaintiff to petition the district court for the return of her property. Until plaintiff has availed herself of this procedure and obtained a final decision with respect to the relief she seeks, the taking claim filed in this court is not ripe for decision. *See Suitum,* 520 U.S. at 733–34, 117 S.Ct. 1659; *Williamson County,* 473 U.S. at 186, 194–95, 105 S.Ct. 3108; *Greenbrier,* 193 F.3d at 1358–59. Accordingly, the court declines to address defendant's takings argument as it is premature.

### III. Conclusion

For the foregoing reasons, defendant's motion is GRANTED and, further to 28 U.S.C. § 1631 and finding transfer to be in the interest of justice,[5] this case is transferred to the United States District Court for the Western District of Pennsylvania.

IT IS SO ORDERED.

---

4. Plaintiff states in a declaration attached to her opposition:

> I attempted to file pleadings in the case entitled *United States v. Maydak,* 93cr133 (W.D.P.A.). The Clerk of Court advised me that, as a non-party, I maintained no ability to lodge pleadings and motions in that case.

Pl.'s Opp. at 5 (Declaration of Malgorzata Duszak).

5. Title 28, United States Code, Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (2000).