PER CURIAM.
Appellant Malgorzata Duszak appeals the decision of the United States Court of Federal Claims dismissing her takings claim for lack of subject matter jurisdiction and transferring her claim to the United States District Court for the Western District of Pennsylvania. Duszak v. United States, 58 Fed.Cl. 518 (2003). Because Ms. Duszak’s appeal is interlocutory in nature, this court lacks jurisdiction and accordingly Ms. Duszak’s appeal is dismissed.
BACKGROUND
In June 2003, Ms. Duszak filed a complaint in the Court of Federal Claims alleging a taking without just compensation in violation of the Fifth Amendment of the United States Constitution. The basis for Ms. Duszak’s takings claim arose from an erroneous search of her apartment, located in Pittsburg, Pennsylvania. Based on a Federal arrest warrant issued on September 27, 2001, the United States Marshal Service conducted a search of Ms. Dus-zak’s apartment for Keith Maydack. Mr. Maydack, in fact, never resided in Ms. Duszak’s apartment and the Government does not dispute that this search was conducted in error. In the course of the search for Mr. Maydack, Ms. Duszak alleges that the Marshals Service removed items from her apartment, including personal records and diaries. Duszak, 58 Fed.Cl. at 519. In response to Ms. Dus-zak’s complaint, the Government filed a motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the United States Court of Federal Claims, respectively.
The Court of Federal Claims agreed with the Government that Ms. Duszak’s claim was premature because she failed to pursue all procedural remedies available to her. In particular, the Court of Federal Claims determined that Ms. Duszak had not yet availed herself of Rule 41(g) of the Federal Rules of Criminal Procedure, which provides:
A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property’s return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion the court must return the property to the movant, but may impose reasonable conditions to protect access *740 to the property and its use in later proceedings.
Accordingly, the Court of Federal Claims dismissed Ms. Duszak’s takings claim for lack of subject matter jurisdiction. In addition, the Court of Federal Claims, in the interest of justice, transferred Ms. Duszak’s claim to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1631.
DISCUSSION
In general, “a transfer order is interlocutory and thus not immediately appealable, but appealable only incident to a final judgment in a case ... or as a certified question pursuant to 28 U.S.C. § 1292(b).” FDIC v. Maco Bancorp, Inc., 125 F.3d 1446, 1447 (Fed.Cir.1997). This court, however, has limited jurisdiction to review transfer orders under 28 U.S.C. § 1292(d)(4)(A). This statute provides, in pertinent part:
The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from an interlocutory order of a district court of the United States ... granting or denying, in whole or in part, a motion to transfer an action to the United States Court of Federal Claims under [28 U.S.C.] section 1631....
28 U.S.C. § 1292(d)(4)(A) (emphases added).
Here, the Court of Federal Claims neither issued a final determination nor did it certify a question of law with regard to Ms. Duszak’s claim. Moreover, the Court of Federal Claims’ order to transfer does not fall within the ambit of 28 U.S.C. § 1292(d)(4)(A) because the explicit language of this provision states that the section 1631 transfer must be to the Court of Federal Claims not from that court.
In the alternative, Ms. Duszak urges this court to view her appeal as a writ of mandamus under 28 U.S.C. § 1651. A writ of mandamus is an extraordinary measure requiring the petitioner to prove “that it lacks adequate alternative means to obtain the relief sought.” In re Pioneer Hi-Bred Int’l, Inc., 238 F.3d 1370, 1373 (Fed.Cir.2001) (quotation omitted). Here, Ms. Duszak is unable to demonstrate the requisite extraordinary circumstances where she has available to her Fed. R.Crim.P. 41(g) with which to seek the return of her allegedly seized possessions.
CONCLUSION
Because the Court of Federal Claims’ transfer order is interlocutory in nature and does not fall within any recognized exceptions for review, this court lacks jurisdiction. Accordingly, Ms. Duszak’s appeal is dismissed.