Brawndon **CARTER,**

v.

The **UNITED STATES.**

No. 03–1618C.

United States Court of Federal Claims.

Sept. 29, 2004.

Brawndon Carter, Lompoc, CA, pro se.

David D'Alessandris, Washington, DC, with whom was Assistant Attorney General Peter D. Keisler, for the defendant.

## OPINION

YOCK, Senior Judge.

This case involves two claims filed by Brawndon Carter, a *pro se* plaintiff, against the United States. The first claim was transferred to this Court, the United States Court of Federal Claims, from the United States District Court for the Eastern District of Missouri after the district court issued a final decision on the plaintiff's Motion for the Return of Personal Property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure ("first Rule 41 motion"). *See Carter v. United States*, No. 4:02CV01256 ERW, slip op. at 11 (E.D. Mo. April 25, 2003). In that case, the district court determined that the plaintiff was entitled to the return of his personal property, but it noted that the Government was unable to locate the property. Therefore, the district court concluded that the plaintiff, lacking a remedy under Rule 41, must be entitled to seek relief in this Court under a takings theory for the monetary value of his lost property. Accordingly, the district court transferred the plaintiff's first Rule 41 motion to this Court for the adjudication of his takings claim, and the plaintiff filed a Complaint related to this property on July 29, 2003.

On October 21, 2003, the plaintiff filed an Amended Complaint in which he asserted a new motion for the return of additional personal property under Rule 41 of the Federal Rules of Criminal Procedure ("second Rule 41 motion"), a claim that is beyond the scope of the takings claim that the district court transferred to this Court. By the plaintiff's own admission, his second Rule 41 motion seeks the return of property that was *not* included in his first Rule 41 motion. The defendant has filed a motion to dismiss the plaintiff's second Rule 41 motion asserted in his Amended Complaint. The defendant argues that this Court lacks jurisdiction to hear the plaintiff's second Rule 41 motion because this request for the return of property was not previously presented to the district court. The defendant also argues that the plaintiff's second Rule 41 motion, to the extent that it is construed to be a takings claim, was not timely filed under the statute of limitations.

For the reasons discussed in this Opinion, the Court finds that it does not have jurisdiction over the claim set forth in the plaintiff's Amended Complaint, which asserts a second Rule 41 motion that should have been filed in district court. The Court hereby invokes its authority under 28 U.S.C. § 1631 (2000) to transfer the plaintiff's second Rule 41 motion, which was filed in this Court as an Amended Complaint, to the United States District Court for the Eastern District of Missouri. This Court shall maintain jurisdiction over the takings claim set forth in the plaintiff's Complaint, which the district court transferred to this Court after issuing a final decision in favor of the plaintiff on his first Rule 41 motion. In the interest of judicial economy, however, the Court hereby exercises its discretion to stay the litigation of this remaining claim until after the district court issues a final decision on the plaintiff's second Rule 41 motion.

### Facts

The plaintiff, who is currently incarcerated in California, alleges that the Government seized property belonging to him upon his arrest, failed to effect a final forfeiture of this property through an administrative forfeiture proceeding, and then was unable to locate his property in order to return it to him at the conclusion of his criminal case. The plaintiff

was arrested on July 18, 1996, in Culver City, California, and pleaded guilty to drug and money laundering charges on January 10, 1997; he was sentenced to 112 months in prison by the United States District Court for the Eastern District of Missouri on January 12, 1998. *See Carter,* slip op. at 1–2. Upon his arrest, the plaintiff's personal items were confiscated, including his wallet, credit cards, personal pictures, six pieces of jewelry, and approximately $100 in cash. *See id.* at 1. On the same day, police executed search warrants at two apartments rented by the plaintiff in California and seized additional property, including cellular phones and chargers as well as a laptop computer. *See id.* at 1–2.

On September 5, 2000, the plaintiff filed his first Rule 41 motion in the district court. *See Carter,* slip op. at 3. In this motion, the plaintiff requested the return of the jewelry, wallet, credit cards, pictures, and currency seized from his person as well as the phones, chargers, and laptop computer seized from the California apartments. *See id.* The district court issued an order on April 25, 2003, in which it found that the plaintiff was entitled to the return of these items. *See id.* at 10. The district court noted, however, that the Government was unable to locate the property in question. *See id.* at 10–11. Thus, the district court concluded that the plaintiff's only remedy was to pursue a takings claim for the monetary value of this property. *See id.* at 11. The district court then transferred the plaintiff's first Rule 41 motion to the United States Court of Federal Claims for the adjudication of his purported takings claim. *See id.*

Accordingly, on July 29, 2003, the plaintiff filed a Complaint in this Court (captioned as a "Motion for the Return of Personal Property"), in which he requested the return of the items that were the subject of his first Rule 41 motion: six pieces of jewelry, a wallet, credit cards, pictures, and currency seized from his person, as well as his phones, chargers, and the laptop computer that were seized from the California apartments. *See*

Compl. at 1. The plaintiff also requested "such other relief to which he may be entitled under the law." *Id.* Given the district court's findings, this Court has construed the *pro se* plaintiff's initial pleading as a Complaint that asserts a takings claim for the monetary value of the items described therein, *i.e.,* the property that was the subject of his first Rule 41 motion.

On October 21, 2003, the plaintiff filed an Amended Complaint with this Court in which he presented an entirely new claim related to different property. The plaintiff styled his Amended Complaint as, "Petitioner Seeking Permission to Amend His Previous Filed Return of Personal Property Transferred from the Eastern District of Missouri Pursuant to Rule 15(a) to Include Additional Property Not Named in the Previous Filed Return of Personal Property, or in the Alternative Please Construe this Motion as a Newly Filed Rule 41(e) Motion for Return of Personal Property." [1] Am. Compl. at 1. As the caption indicates, the plaintiff's Amended Complaint asserts a new Rule 41 motion for the return of certain items that he had neglected to include in his first Rule 41 motion. *See id.* In the Amended Complaint, the plaintiff concedes that this second Rule 41 motion is intended to "seek[ ] the return of *all* the remaining property not named in the Honorable Judge E.R. Webber's order dated April 25, 2003, pursuant to Rule 41(e) * * *." *Id.*

The "remaining property" to which the plaintiff refers in his Amended Complaint includes the following: (1) $14,470.00 in United States currency; (2) one Halliburton metal briefcase; (3) three pagers (no brand name given); (4) one money counter, with a brand name of "Glory"; (5) two electronic address books (no brand name given); (6) one electronic digital scale, with a brand name of "Friden"; and (7) two cellular phones, one "Sony" and one "NEC." Am. Compl. at 1. None of this property was included in the plaintiff's first Rule 41 motion. As discussed below, this Court lacks jurisdiction to hear the plaintiff's Amended Com-

---

1. Pursuant to a Court Order dated October 21, 2003, the plaintiff's second Rule 41 motion was filed in this Court as an Amended Complaint.

plaint because this claim for the return of the plaintiff's "remaining property" falls outside the scope of the takings claim that the district court transferred to this Court after issuing its final decision on the plaintiff's first Rule 41 motion.

### Discussion

This Court does not have jurisdiction over the plaintiff's second Rule 41 motion, which is asserted in his Amended Complaint. The district courts—not the Court of Federal Claims—have exclusive jurisdiction over motions for the return of property filed under Rule 41 of the Federal Rules of Criminal Procedure. In addition, to the extent that the plaintiff's Amended Complaint could be construed as asserting a takings claim for the monetary value of the property described therein, such a claim is not ripe for decision by this Court. The plaintiff will not have a ripe claim for the alleged taking of his remaining property that is described in his Amended Complaint unless he files this second Rule 41 motion in the district court and obtains a ruling that entitles him to seek just compensation for the value of that property. The plaintiff obtained such a ruling on his first Rule 41 motion, but he failed to follow this procedure for his second Rule 41 motion. Instead, the plaintiff erroneously filed his second Rule 41 motion in this Court in the form of an Amended Complaint.

Therefore, without expressing any opinion on the merits of either of the plaintiff's claims, the Court hereby invokes its authority under 28 U.S.C. § 1631 to transfer the plaintiff's Amended Complaint to the United States District Court for the Eastern District of Missouri for the adjudication of his second Rule 41 motion. The Court also hereby orders that the remainder of this action, which consists of the plaintiff's Complaint asserting a taking claim that arises from his first Rule 41 motion, be stayed pending the outcome of the plaintiff's second Rule 41 motion in the district court.

I. This Court lacks jurisdiction to hear the plaintiff's Amended Complaint.

■ This Court is one of limited jurisdiction and may entertain claims and grant relief against the United States only to the extent that the United States has waived its sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). When the defendant challenges this Court's jurisdiction over the plaintiff's claims by filing a motion to dismiss, the plaintiff bears the burden of proving that subject-matter jurisdiction is proper. *See Schickler, TMD U.S.A., Inc. v. United States*, 54 Fed.Cl. 264, 268 (2002) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). The Court cannot assume that jurisdiction is proper merely because a case has been transferred from a district court. *See Eubanks v. United States*, 25 Cl.Ct. 131, 137 (1992). Rather, every plaintiff must establish that the claims set forth in its complaint fall within this Court's subject-matter jurisdiction. *See id.*

■ The requirement of establishing jurisdiction is no different for *pro se* litigants. While *pro se* litigants are generally allowed some leniency in the formalities of their pleadings, *see Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), they are not immune from laws and rules of procedure simply on the basis of their *pro se* status. *See, e.g., Constant v. United States*, 929 F.2d 654, 658 (Fed.Cir.1991); *accord Paalan v. United States*, 57 Fed. Cl. 15, 16 (2003) (citing *Ledford v. United States*, 297 F.3d 1378, 1383 (Fed.Cir.2002)); *Bernard v. United States*, 59 Fed. Cl. 497, 499–500, *aff'd*, 98 Fed.Appx. 860, 2004 WL 842679 (Fed.Cir. 2004). Every plaintiff—including *pro se* filers—must satisfy the Court's pleading requirements, including the Court's exacting jurisdictional requirements. *See id.* The leniency generally afforded to *pro se* litigants in the formalities of their pleadings does not relieve them of the burden of establishing jurisdiction, *see id.*, and courts cannot waive jurisdictional requirements in *pro se* cases. *See Kelley v. Secretary, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed.Cir.1987).

■ This Court does not have jurisdiction to adjudicate an aggrieved party's claim for the return of property that was allegedly unlawfully seized by the Government during the course of a criminal investigation. Rule

41(g) of the Federal Rules of Criminal Procedure provides a mechanism for the district courts—not this Court—to hear a motion for the return of property:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Crim.P. 41(g).[2] In the Seventh Circuit, a criminal defendant may bring a Rule 41 motion in the district court to recover property that had been seized by the Government as part of a criminal investigation, as long as the seized property was not forfeited during the course of the criminal proceedings. *See United States v. Sims,* 376 F.3d 705, 708 (7th Cir.2004). Such a motion may be brought either before or after a conviction. *See id.* The Seventh Circuit regards a post-conviction Rule 41(g) motion as a civil equitable proceeding, and this motion may be filed in either the district where the property was seized or the district in which the criminal proceedings took place. *See id.*

■ In contrast, this Court cannot entertain a motion for the return of property that was seized during a criminal investigation. Rule 41 does not give the Court of Federal Claims jurisdiction to hear a motion for the return of property that was seized during the course of a criminal investigation. *See* Fed. R.Crim.P. 41(g). Furthermore, this Court has no authority to order the Government to return property because this Court's jurisdic-

tion is limited to cases in which plaintiffs seek relief in the form of money damages that are presently due from the United States. *See National Air Traffic Controllers Ass'n v. United States,* 160 F.3d 714, 716 (Fed.Cir.1998) (quoting *United States v. King,* 395 U.S. 1, 3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). The plain language of Rule 41(g) indicates that this rule can be invoked to secure the return of property but not to obtain money damages for the value of seized property. *See* Fed.R.Crim.P. 41(g). Therefore, an equitable claim for the return of property must be brought in a district court, while a takings claim for the value of the seized property may be brought in this Court under certain circumstances. A party may have a valid takings claim in the event his property was seized by the Government as part of a criminal investigation and never forfeited or returned; however, this claim for just compensation is not ripe until the aggrieved party has availed himself of the procedures set forth in Rule 41(g) and obtained a final decision from the district court that entitles him to assert a takings claim. *See Duszak v. United States,* 58 Fed.Cl. 518, 521 (2003), *aff'd,* 104 Fed.Appx. 738, 2004 WL 1565214 (Fed.Cir.2004).

In the present case, the Court lacks jurisdiction over the plaintiff's second Rule 41 motion, which is set forth in his Amended Complaint, filed on October 21, 2003. The plaintiff concedes that the property claims that are the subject of his Amended Complaint were not presented to the district court, either in his first Rule 41 motion or otherwise. Therefore, the district court—not this Court—has jurisdiction over the plaintiff's second Rule 41 motion because it is a new claim for the return of property. Moreover, even if this Court were to construe the

---

**2.** Prior to 2002, the procedure under which a person aggrieved by an unlawful search and seizure could move for the return of their property was set forth in Rule 41(e), which utilized language that was nearly identical to the current Rule 41(g). Rule 41 was renumbered as part of the 2002 Amendments to the Federal Rules of Criminal Procedure, which became effective on December 1, 2002. Pub.L. No. 107–56, Title II, § 219, 115 Stat. 291 (2002). According to the Advisory Committee Notes for the 2002 Amendments, "[t]he language of Rule 41 has been

amended as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only, except as otherwise noted below." Fed.R.Crim.P. 41 advisory committee's note. Because the Notes do not address any substantive changes to the provision at issue in this case, the Court will interpret Rule 41(g) in accordance with existing precedent related to the pre–2002 version of Rule 41(e).

*pro se* plaintiff's second Rule 41 motion asserted in his Amended Complaint as a takings claim, this claim would not be ripe because the plaintiff has not availed himself of the procedures set forth in Rule 41(g) and obtained a final decision from the district court. *See Duszak,* 58 Fed.Cl. at 521. Unlike his first Rule 41 motion, there has been no determination made by a district court that the plaintiff is entitled to the return of the property described in his second Rule 41 motion or that this property has been lost or destroyed. Therefore, at this point, the Court has no jurisdiction over the plaintiff's second Rule 41 motion asserted in his Amended Complaint.

## II. The plaintiff's Amended Complaint must be transferred to district court.

Under 28 U.S.C. § 1631, a court that lacks jurisdiction over an action shall, in the interest of justice, transfer the action to any other such court in which the action could have been brought at the time it was filed. *See id.* The Federal Circuit has held that this statute permits the transfer of less than all of the claims in an action. *See United States v. County of Cook, Illinois,* 170 F.3d 1084, 1089 (Fed.Cir.1999). In this case, the United States District Court for the Eastern District of Missouri already determined that it had jurisdiction to hear the plaintiff's first Rule 41 motion, and it issued a final decision on that motion before transferring the plaintiff's alleged takings claim to this Court. The Court finds that the same procedure must be followed with respect to the plaintiff's second Rule 41 motion, which was filed for the first time in this Court as an Amended Complaint. Therefore, in the interest of justice, the Court finds that the plaintiff's second Rule 41 motion must be transferred to the United States District Court for the Eastern District of Missouri. This Court, however, will maintain jurisdiction over the plaintiff's takings claim asserted in his initial Complaint in this Court because this claim arises from his first Rule 41 motion, which resulted in a final decision by the district court that the Government's actions gave rise to a Fifth Amendment takings claim.

III. The remainder of the present action will be stayed pending the district court's final decision on the plaintiff's second Rule 41 motion.

█ Finally, the Court finds it necessary to stay the remainder of the current action pending the adjudication of the plaintiff's second Rule 41 motion in the district court. This Court possesses the inherent authority to issue a stay of proceedings in order to control its docket and to ensure judicial economy. *See Cherokee Nation of Oklahoma v. United States,* 124 F.3d 1413, 1416 (Fed.Cir. 1997). Because the plaintiff's takings claim in its Complaint and the potential takings claim asserted in the plaintiff's Amended Complaint both apparently arise from the same core set of facts, the Court finds that it would be prudent to proceed with the plaintiff's takings claim only after the full extent of the alleged taking is known. Therefore, the Court will stay the current action until the district court issues a final decision on the plaintiff's second Rule 41 motion. After the stay is lifted, the Court will entertain dispositive motions on any remaining claims, including, if necessary, the defendant's motion to dismiss on statute of limitations grounds, which may be refiled in the event that this Court ultimately takes jurisdiction over any claims that may arise from the plaintiff's second Rule 41 motion.

## CONCLUSION

In response to the defendant's Motion to Dismiss, the Court determines that it does not have jurisdiction over the claim asserted in the plaintiff's Amended Complaint, filed on October 21, 2003. Therefore, in accordance with 28 U.S.C. § 1631, the Court finds that it is in the interest of justice to transfer the claim set forth in the plaintiff's Amended Complaint to the United States District Court for the Eastern District of Missouri.

The Court also finds that it is in the interest of justice to stay the remaining takings claim asserted in the plaintiff's Complaint.