**Albert Ray STEWARD, III, Pro Se, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 07–537C.

United States Court of Federal Claims.

Feb. 27, 2008.

Albert Ray Steward, III, pro se plaintiff.

Maame A.F. Ewusi–Mensah, United States Department of Justice, with whom were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, Mark A. Melnick, Assistant Director, Washington, D.C., for defendant.[1] D. Gerald Wilhelm, Assistant United States Attorney, Minneapolis, MN, of counsel.

## OPINION

BUSH, Judge.

The court has before it defendant's motion to dismiss this suit for lack of jurisdiction and for failure to state a claim upon which relief may be granted. Defendant's motion has been fully briefed, and oral argument was neither requested by the parties nor required by the court.[2] For the reasons stated below, defendant's motion is granted.

## BACKGROUND[3]

Mr. Steward alleges that certain items of his personal and business property were confiscated between March 2000 and July 2004 by agents of the United States. Compl. at 8, 10. The confiscations of property occurred in the context of Mr. Steward's arrest or arrests by the Woodbury (Minnesota) Police Department and the FBI. *Id.* at 2–5. The property items included both computer and office equipment, as well as software and internet business assets. Mr. Steward was convicted of wire fraud and executed a plea agreement. *Id.* ¶ 11. There may have been a forfeiture proceeding regarding some of the seized property. *Id.* ¶ 10. After being released from prison, Mr. Steward states that he received some but not all of his property that had been confiscated. *Id.* ¶ 13. Plaintiff seeks over $400,000,000 in compensation for property that was not returned, such as computer and office equipment, and for the internet business assets that were "denied" to him. *Id.* ¶¶ 46, 55. Plaintiff grounds his claim in a takings theory based on the Fifth Amendment of the United States Constitution.[4]

1. By the time briefing on defendant's motion to dismiss was complete, Jeffrey S. Bucholtz was Acting Assistant Attorney General for defendant United States.

2. The parties' briefs include Defendant's Motion to Dismiss (Def.'s Mot.), Plaintiff's Cross-Motion for Summary Judgment and Opposition to Defendant's Motion to Dismiss (Pl.'s Opp.), Defendant's Reply in Support of its Motion to Dismiss (Def.'s Reply), and Plaintiff's Reply to Defendants' Reply in Support of its Motion to Dismiss (Pl.'s Sur–Reply). The court does not reach plaintiff's motion for summary judgment because it is mooted by the disposition of defendant's motion to dismiss.

3. The facts recited here are taken from the complaint and are uncontested for the purposes of deciding defendant's motion. Def.'s Mot. at 1 n. 1. The court makes no finding of fact in this opinion.

4. Plaintiff has abandoned Counts III and IV of his complaint, which alleged that the United States breached a clause in his plea agreement stating that his seized property would be returned to him. Pl.'s Opp. at 13; Pl.'s Sur–Reply at 3. Plaintiff asks that either Counts III and IV of his complaint be dismissed without prejudice, or transferred to a district court. Pl.'s Sur–Reply at 3, 6. Defendant was given the opportunity to respond to plaintiff's sur-reply, and did not. Defendant's Response to the Court's Order Regarding Sur–Sur–Reply, filed December 17, 2007 (Def.'s Resp. of Dec. 17, 2007). Because defendant has maintained that this court does not possess jurisdiction over a claim alleging a breach of a plea agreement, Def.'s Mot. at 7–8, the court assumes that defendant would not object to the dismissal, without prejudice, of such claims. *See Aerolineas Argentinas v. United States,* 77 F.3d 1564, 1572 (Fed.Cir.1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice.") (citations omitted); *cf.* Def.'s Resp. of Dec. 17, 2007 (requesting that "the Court grant its motion to dismiss, dismiss Mr. Steward's complaint with prejudice, and deny Mr. Steward's request to transfer his breach of contract claims, set forth in Counts

## DISCUSSION

### I. *Pro Se* Litigants

The court acknowledges that Mr. Steward is proceeding *pro se,* and is "not expected to frame issues with the precision of a common law pleading." *Roche v. United States Postal Serv.,* 828 F.2d 1555, 1558 (Fed.Cir.1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint and briefs thoroughly and has attempted to discern all of plaintiff's legal arguments.

### II. Tucker Act Jurisdiction

This court's jurisdiction, based on the Tucker Act, 28 U.S.C. § 1491(a)(1) (2000), is a grant of

> jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

*Id.* The Tucker Act functions as a jurisdictional statute, but plaintiffs in this court must, in addition, found their substantive right to bring an action on a specific source of law. *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The United States Supreme Court decided that this court may generally entertain a suit only if it is founded upon a claim for money allegedly due to the plaintiff from the government. *Id.* at 397–98, 96 S.Ct. 948; *see*

also *Kanemoto v. Reno,* 41 F.3d 641, 644–45 (Fed.Cir.1994) (noting that, with limited exceptions, only monetary relief is available from this court).

### III. Standard of Review for a Motion to Dismiss for Lack of Jurisdiction

In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 814–15, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1377 (Fed.Cir.1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)), and must do so by a preponderance of the evidence, *Reynolds,* 846 F.2d at 748. If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

### IV. Standard of Review for a Motion Filed under RCFC 12(b)(6)

Defendant also asks that the complaint be dismissed for failure to state a claim upon which relief can be granted, a request which is governed by RCFC 12(b)(6). *White & Case LLP v. United States,* 67 Fed.Cl. 164, 168 (2005). It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do

II[I] and IV, to a United States district court" but not addressing whether the dismissal of Counts III and IV, in particular, should be with or without prejudice).

The court need not determine its jurisdiction over breach of contract claims related to a plea agreement here. Plaintiff has asked to withdraw Counts III and IV of his complaint, or to have them dismissed without prejudice, or to have them transferred. Pl.'s Opp. at 13; Pl.'s Sur-Reply at 3, 6. Pursuant to Rule 15(a) of the Rules of the United States Court of Federal Claims

(RCFC), plaintiff has the right to amend his complaint to remove Counts III and IV. Dismissal of Counts III and IV without prejudice accomplishes what plaintiff has asked to do and has a right to do under this court's rules. Plaintiff is proceeding *pro se* and is entitled to some latitude in procedural matters. Rather than requiring plaintiff to formally amend his complaint to remove Counts III and IV, the court dismisses Counts III and IV without prejudice. The topic of transferring these claims to another court is discussed *infra.*

not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir.2002). When considering a motion to dismiss under this rule, "the allegations of the complaint should be construed favorably to the pleader." *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683. The court must inquire whether the complaint meets the "plausibility standard" recently described by the United States Supreme Court, *i.e.*, whether it adequately states a claim and provides a "showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, — U.S. —, —– —, 127 S.Ct. 1955, 1968–69, 167 L.Ed.2d 929 (2007) (*Twombly*).

## V. Analysis of Plaintiff's Claims

The court confronts three questions in deciding defendant's motion to dismiss. First, does this court have jurisdiction over the takings claim expressed in Counts I and II of plaintiff's complaint? Second, has plaintiff stated a takings claim upon which relief may be granted? Third, if plaintiff's claims cannot be prosecuted in this court, is dismissal appropriate or should the court transfer plaintiff's claims to the United States District Court for the District of Minnesota? The court will address each question in turn.

### A. Jurisdiction over Mr. Steward's Takings Claim

It is beyond cavil that this court has subject matter jurisdiction over non-frivolous takings claims against the United States. *See Moden v. United States*, 404 F.3d 1335, 1341 (Fed.Cir.2005) (finding that when a plaintiff "ha[s] a nonfrivolous takings claim founded upon the Fifth Amendment, jurisdiction under the Tucker Act is proper" in this court). The test for deciding whether a takings claim is frivolous, announced by the United States Court of Appeals for the Federal Circuit in *Moden*, is whether the claim is

"so insubstantial, implausible, foreclosed by prior decisions, or otherwise completely devoid of merit as not to involve a federal controversy." *Id.* at 1341–42. This is an objective standard which does not rely on either the intent of the party filing the claim, or the legal expertise commanded by that party.

█ The weight of precedent strongly argues that the loss, depreciation or damage of items confiscated in the context of a criminal investigation cannot be the basis of a takings claim in this court. *See Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1331 (Fed.Cir.2006) ("When property has been seized pursuant to the criminal laws or subjected to *in rem* forfeiture proceedings, such deprivations are not 'takings' for which the owner is entitled to compensation ... [t]he same rule applies even if the property is seized as evidence in a criminal investigation or as the suspected instrumentality of a crime ....") (citations omitted); *Alde, S.A. v. United States*, 28 Fed.Cl. 26, 34 (1993) (noting that when this court or its predecessors have considered claims "based on the seizure of property by the Government, assertions that a taking occurred have been uniformly rejected"). In *Acadia*, the Federal Circuit approved of a decision of this court which reasoned that: "The government's seizure, retention, and damaging of [confiscated] property did not give rise to an actionable claim for a taking, ... because 'items properly seized by the government under its police power are not seized for "public use" within the meaning of the Fifth Amendment.'" 458 F.3d at 1332 (quoting *Seay v. United States*, 61 Fed.Cl. 32, 35 (2004)). Because the property confiscated from Mr. Steward was seized pursuant to lawful criminal proceedings and thus was not taken for public use, its loss, under the precedent of this circuit, cannot give rise to a takings claim.[5] *See id.* Mr. Steward's suit is "fore-

---

5. Three decisions of this court have instead rejected similar takings claims based on ripeness grounds, but these decisions were issued before *Acadia*. *See Garcia Carranza v. United States*, 67 Fed.Cl. 106, 111 (2005) ("In the context of seeking return of property seized at arrest, however, Plaintiff first must file a motion for return of property pursuant to Fed.R.Crim.P. 41(g) before

invoking the jurisdiction of the United States Court of Federal Claims to assert a takings claim."); *Carter v. United States*, 62 Fed.Cl. 365, 369 (2004) ("A party may have a valid takings claim in the event his property was seized by the Government as part of a criminal investigation and never forfeited or returned; however, this claim for just compensation is not ripe until the

closed by prior decisions" and, under the standard announced in *Moden*, presents a claim over which this court lacks jurisdiction. Mr. Steward's takings claim must be dismissed without prejudice for lack of jurisdiction.

## B. Mr. Steward Has Failed to State a Takings Claim Upon Which Relief May Be Granted

■ The court notes that the distinction between a dismissal for lack of jurisdiction over a frivolous takings claim, and a dismissal for failure to state a takings claim upon which relief may be granted, is a fine one. As the Federal Circuit has stated:

> "In Tucker Act jurisprudence [the] neat division between jurisdiction and merits has not proved to be so neat. In these cases, involving suits against the United States for money damages, the question of the court's jurisdictional grant blends with the merits of the claim. This mixture has been a source of confusion for litigants and a struggle for the courts."

*Moden*, 404 F.3d at 1341 (quoting *Fisher v. United States*, 402 F.3d 1167, 1171–72 (Fed. Cir.2005) (*en banc*)). Even if Mr. Steward's takings claim for property seized during criminal prosecution could be considered to be within this court's jurisdiction, relief cannot be granted on that claim under the precedent of this circuit. *See Acadia*, 458 F.3d at 1335 & n. 3 (holding that a takings claim based on seizure of property pursuant to the government's police powers should be dismissed for failure to state a claim). Although the exact fate of Mr. Steward's property cannot be ascertained from his complaint, the facts presented by plaintiff show that none of his property was taken for public use. As such, the loss of his property is not a taking compensable by the Fifth Amendment. *See id.* at 1331–32. Thus, Mr. Steward's complaint must also be dismissed for failure to state a claim upon which relief can be granted.

## C. All of Mr. Steward's Claims Must Be Dismissed, Not Transferred

■ Defendant has suggested that plaintiff might pursue a Rule 41(g) motion in district court in an attempt to prove that property to which he is entitled has not been returned to him. *See* Def.'s Reply at 5 ("In the Rule 41(g) proceeding, Mr. Steward will have the ability to present evidence in support of his claim that not all of the property to which [he] is entitled has been returned.") (citing Fed.R.Crim.P. 41(g)). The court expresses no opinion as to whether such a proceeding could produce the relief Mr. Steward seeks. The court is, however, certain that transfer of his takings or breach of contract claims to the United States District Court for the District of Minnesota would not be in the interest of justice. *See* 28 U.S.C. § 1631 (2000) (permitting transfer of cases "if it is in the interest of justice").

Defendant has argued that plaintiff's takings claim is, in actuality, a tort claim against the United States. Def.'s Mot. at 4–5. Of course, this court has no jurisdiction over tort claims. *See* 28 U.S.C. § 1491(a)(1). Recent precedent from the United States Supreme Court has clarified that district courts, also, lack jurisdiction over tort claims against the United States for the loss of property seized by law enforcement officers. *See Ali v. Fed. Bureau of Prisons*, —— U.S. ——, ——, 128 S.Ct. 831, 841, 169 L.Ed.2d 680, —— (2008) ("Section 2680(c) [of Title 28 of the United States Code] forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers."). Thus, even if plaintiff's Counts I and II are tort claims, they may not be brought in a district court.

---

aggrieved party has availed himself of the procedures set forth in Rule 41(g) and obtained a final decision from the district court that entitles him to assert a takings claim."); *Duszak v. United States*, 58 Fed.Cl. 518, 521 (2003) ("Until plaintiff has availed herself of [Fed.R.Crim.P. 41(g)] and obtained a final decision with respect to the relief she seeks, the taking claim filed in this court is not ripe for decision."), *aff'd on other*

grounds by 104 Fed.Appx. 738 (Fed.Cir.2004). According to *Garcia Carranza, Carter*, and *Duszak*, Mr. Steward's takings claim should be dismissed as not ripe, because he has not yet filed a Rule 41(g) motion in the district court where he was convicted. The court believes that the holding in *Acadia* now forecloses such takings claims even if a plaintiff has previously obtained a ruling on a Rule 41(g) motion in district court.

Nor does the court believe that a district court could entertain plaintiff's takings or breach of contract claims. *See* 28 U.S.C. § 1346(a)(2) (2000) (limiting breach of contract and takings suits in district courts to those requesting $10,000 or less in damages from the United States). Plaintiff here seeks well over $10,000 for each of the four counts in his complaint. This court should not burden a district court by transferring claims that so plainly appear not to be within that court's jurisdiction.

Finally, the United States may not have waived its sovereign immunity from lawsuits such as the one Mr. Steward has brought here. As the Court of Claims, our predecessor court, stated:

> It would be reasonable to expect that the court which is to police and, in appropriate cases enforce, agreements for plea bargains, or witness protection, or for immunity, will be the courts in which are or will be pending the criminal prosecutions to which the agreements relate. If this means that money damages for breach are nowhere available, this is the case in any claim area where the Congress has not seen fit to grant its consent to be sued.

*Kania v. United States,* 227 Ct.Cl. 458, 650 F.2d 264, 268–69 (1981). The courts cannot themselves open doors that Congress has chosen to keep shut.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that:

(1) Defendant's Motion to Dismiss, filed September 14, 2007, is **GRANTED;**

(2) Plaintiff's Cross–Motion for Summary Judgment, filed October 26, 2007, is **DENIED** as moot;

(3) The Clerk's office is directed to **DISMISS** all counts of plaintiff's complaint, filed July 16, 2007, without prejudice; and

(4) No costs.