Hildra Lavon JONES, III, Plaintiff,

v.

UNITED STATES, Defendant.

No. 11–561C.

United States Court of Federal Claims.

Sept. 23, 2011.

Hildra Lavon Jones, III, Leesburg, VA, pro se.

## ORDER

MARIAN BLANK HORN, Judge.

■ Before the court is *pro se,* plaintiff Hildra Lavon Jones, III's Application to Proceed *In Forma Pauperis,* filed on September 1, 2011. In order to provide access to this court to those who cannot pay the filing fees mandated by Rule 77.1(c) of the Rules of the United States Court of Federal Claims, 28 U.S.C. § 1915 (2006) permits a court to allow a plaintiff to file a complaint without payment of fees or security, under specific circumstances.[1] Section 1915(a)(1) states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). Section 1915(b) requires that the filing fee for a lawsuit filed by

---

1. The court notes that the instant complaint is not the first plaintiff has filed. In 2009, plaintiff filed a complaint in the United States District Court for the Southern District of Florida, *Jones v. Broward County State Attorney's Office,* No. 08–61404 CIV., 2009 WL 1456323 (S.D.Fla. May 22, 2009), raising claims of malicious prosecution against the state attorney who had successfully prosecuted him in prior criminal proceedings. The court in that case dismissed plaintiff's case on two bases. First, plaintiff failed to state a claim upon which relief could be granted because the state attorney was immune from suit for actions taken during his prosecutorial duties. *Id.* at *1. Second, plaintiff's claim was barred under the doctrine of collateral estoppel because he had litigated the same claim at the prior criminal proceeding, and the court found that there was no malicious prosecution. *Id.*

a prisoner eventually be paid in full from funds available to prisoners. Subsection (b)(1) specifically states:

> the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> **(A)** the average monthly deposits to the prisoner's account; or
>
> **(B)** the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1); *see also Spencer v. United States*, 98 Fed.Cl. 349, 354 (2011) (granting plaintiff prisoner's Application to Proceed *In Forma Pauperis* and requiring plaintiff to make monthly payments toward the filing fee in accordance with 28 U.S.C. § 1915(b)). The standard in 28 U.S.C. § 1915(a)(1) for *in forma pauperis* eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor[,]" and therefore, whether to allow a plaintiff to proceed *in forma pauperis* is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.).

While a determination as to plaintiff's ability to pay the court filing fees is discretionary, plaintiff must, nevertheless, meet certain other requirements. In order to proceed *in forma pauperis*, a prospective plaintiff must submit "an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The affidavit must further "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id.* In addition to this affidavit, a prisoner must submit a certified copy of his or her personal, prison, trust fund, account statement, or its equivalent, for the previous six months prior to filing the complaint. 28 U.S.C. § 1915(a)(2).

■ Plaintiff Jones submitted the Application to Proceed *In Forma Pauperis*, which indicates that plaintiff is presently unemployed, and was last employed in March of 2011 on a part-time basis, with wages of $40.00 per day. Plaintiff further states that he has not received any income from self-employment, rent, interest, dividends, pensions, annuities, life insurance, gifts, inheritances, or any other sources in the past twelve months. Plaintiff claims he has no cash or money in checking, savings, or other accounts, and he neither owns real estate, stocks, bonds, notes, automobiles, nor other valuable property. Finally, in response to the question: "List the persons who are dependant upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support[,]" plaintiff replies, "Danyella Leah Jones daughter unemployed now, What ever [sic] I could give $150–$200 a month." Plaintiff, however, left blank on his Application to Proceed *In Forma Pauperis* the requisite statement of the nature of his action. Although a copy of plaintiff's prison account statement is included in plaintiff's filing, it is uncertified and does not cover a six-month period as required.[2]

Although each application to qualify for *in forma pauperis* status must be reviewed in-

---

**2.** 28 U.S.C. § 1915(a)(2) also requires plaintiff to include in his filing for *in forma pauperis* status an account statement that includes transactions for the six months prior to the date of filing in this court. Plaintiff's prison account statement only provides transactions from March 28, 2011, through July 1, 2011, rather than from March 1, 2011, through September 1, 2011 (the date of filing). Nevertheless, the court concludes that plaintiff made an attempt to comply with the six month account statement requirement of 28 U.S.C. § 1915(a)(2). Plaintiff's application states that he has no income, no employment, and no assets, and there is no evidence to suggest, given his incarceration, that any transactions listed on his account from July 1, 2011, forward would be other than negligible. Indeed, as of July 1, 2011, plaintiff was in debt $20.81, and between March 28, 2011, and July 1, 2011, the account balance never exceeded $10.00. The court further notes that, given the lapse of time between transactions listed on the statement (e.g. 3/30/2011–5/12/2011), it is possible that plaintiff incurred no transactions between March 1, 2011, and March 28, 2011.

dependently, Judges of the United States Court of Federal Claims have forgiven similar deficiencies in Applications to Proceed *In Forma Pauperis.* In *Duncan v. United States,* 98 Fed.Cl. 318, 326–27 (2011), the pro se plaintiff was allowed to proceed *in forma pauperis* despite the fact that her application did not state the nature of her action, because she had described her claim in the complaint. *See also Pleasant–Bey v. United States,* 99 Fed.Cl. 363, 365–66 (2011) (granting *pro se* plaintiff prisoner permission to proceed *in forma pauperis* although prisoner failed to submit Application to Proceed *In Forma Pauperis*—which should have included a statement of the nature of the claim). Plaintiff, here, similarly has described his claim in the complaint filed with the court. In *Spencer v. United States,* 98 Fed.Cl. 349, 354 n. 8 (2011), the court found that plaintiff prisoner was entitled to proceed *in forma pauperis* although plaintiff's inmate statement was not certified. Likewise, in *Woodson v. United States,* 89 Fed.Cl. 640, 647 n. 13 (2009), plaintiff submitted an inmate statement that was uncertified, but the court determined that it "complie[d] with the statutory requirement as an institutional equivalent." *Id.* (denying Application to Proceed *In Forma Pauperis* for other reasons). Here, plaintiff's inmate statement is uncertified, but the court is satisfied that plaintiff has at least submitted an institutional equivalent.

While *pro se* plaintiff's *in forma pauperis* application is deficient in some respects, it appears that the *pro se* plaintiff Hildra Lavon Jones, III, has attempted to complete the Application to Proceed *In Forma Pauperis.* Based on the submission, plaintiff's financial information demonstrates an inability to meet existing financial demands, with no liquid assets and no present income. The plaintiff Hildra Lavon Jones, III, thus, has demonstrated that he is "unable to pay such fees or give security, therefor[,]" in order to pursue this action *in forma pauperis. See* 28 U.S.C. § 1915(a)(1). The court, therefore, grants plaintiff's petition to proceed *in forma pauperis.* However, pursuant to 28 U.S.C. §1915(b)(1), the court must assess the filing fee in full against plaintiff. Accordingly, the court shall assess against plaintiff, and collect when possible, an initial, partial filing fee of twenty percent of the greater of the average monthly deposits in plaintiff's inmate account or the average monthly balance in that account for the six months prior to the date of filing. *See* 28 U.S.C. § 1915(b)(1). Thereafter, the court shall collect the remainder of the filing fee through monthly installments of twenty percent of the preceding month's income of plaintiff's inmate account. *See* 28 U.S.C. § 1915(b)(2). The agency in custody of plaintiff shall forward payments to the Clerk of the Court if plaintiff's inmate account exceeds $10.00, until such time as the filing fee is paid in full. *See id.; see also Pleasant–Bey v. United States,* 99 Fed.Cl. at 365–66. Based on the submission provided to the court, the application to proceed in the above captioned case *in forma pauperis* is **GRANTED,** subject to repayment pursuant to the standards set forth in 28 U.S.C.§ 1915(b).

**IT IS SO ORDERED.**