# In the United States Court of Federal Claims

No. 24-2074C
(Filed: April 30, 2025)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KENNETH LESLIE CALDWELL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Plaintiff Kenneth Leslie Caldwell, proceeding *pro se*, makes a variety of allegations and seeks various forms of relief. *See* Complaint (ECF 1). The complaint is **DISMISSED**, *sua sponte*, for lack of jurisdiction. *See* RCFC 12(h). Plaintiff's motion for judgment on the administrative record (ECF 8) and "Amended Motion for Estoppel by Silence and for Ex Parte Judgment" (ECF 16) are **DENIED AS MOOT**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3).

"In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74

Fed. Cl. 551, 553 (2006) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).

Because Plaintiff identified this case as directly related to other cases that were dismissed for lack of jurisdiction, this Court previously ordered him to show cause why the complaint should not be dismissed for lack of jurisdiction as well. *See* Order (ECF 6). Plaintiff was directed, in particular, to "identify[] specific claims and issues that are new to this case and within this Court's jurisdiction." *Id.* Plaintiff's response to that order does not appear to identify any such claims. *See* Am. Brief in Resp. to Show Cause Order (ECF 17). Thus, Plaintiff has failed to show grounds for jurisdiction, and dismissal is an appropriate remedy for that reason alone.

Examining Plaintiff's briefing nonetheless, it also appears that no claims within this Court's jurisdiction appear in Plaintiff's complaint or briefs. Many involve misconduct by Idaho state agencies, courts, and officers, or by individuals and businesses. This Court, though, cannot hear claims against defendants other than the United States, and it cannot review the decisions of other courts. *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *see also Vehr v. United States*, 117 Fed. Cl. 332, 333 (2014). This Court has no jurisdiction over claims based on state law. *Cabral v. United States*, 317 F. App'x 979, 982 (Fed. Cir. 2008) (citing *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007)).

Claims for money in this Court under the Tucker Act are premised on (1) contracts between the plaintiff and the United States, (2) illegal exactions of money by the United States, or (3) laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)); *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011). Plaintiff does not allege a contract with the federal government or raise a claim for recovery of money the United States exacted.

Although Plaintiff identifies a large number of laws the United States has allegedly violated, none of them requires payment of money. Many — including criminal laws, civil rights laws, 10 U.S.C. §§ 251–254, the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution, and antitrust laws — have been previously addressed in a prior case brought by Plaintiff. *See Caldwell v. United States*, No. 23-320C, 2023 WL 5624109, at *1 (Fed. Cl. Aug. 31, 2023), *aff'd*, No. 2024-1122, 2024 WL 413456 (Fed. Cir. Feb. 5, 2024), *cert. denied*, 144 S. Ct. 2624 (2024), *reh'g denied*, 144 S. Ct. 2725 (2024). The current complaint

mentions several more laws, but none of them requires payment of money either. *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006) (Administrative Procedure Act); *Klingenschmitt v. United States*, 119 Fed. Cl. 163, 184 (2014), *aff'd*, 623 F. App'x 1013 (Fed. Cir. 2015) (citing *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1025–1026 (D.C. Cir. 2006)) (Religious Freedom Restoration Act); *Lopez v. United States*, No. 21-1166, 2022 WL 199887, at *2 (Fed. Cl. Jan. 21, 2022), *aff'd*, No. 2022-1426, 2022 WL 17660982 (Fed. Cir. Dec. 14, 2022) (Article III); *Taylor v. United States*, 747 F. App'x 863, 864 (Fed. Cir. 2019) (Sixth Amendment). Other laws cited by the Plaintiff relate only to government powers or court processes, and do not mandate payment of money to private litigants. *See* 28 U.S.C. §§ 535, 1491, 1505, 1915. The Religious Land Use and Institutionalized Persons Act does not apply to the federal government in relevant part, *see* 42 U.S.C. § 2000cc-5, and does not authorize recovery of money even when it does apply to states, *see Sossamon v. Texas*, 563 U.S. 277, 288 (2011). On review of Plaintiff's filings, I am unable to identify claims within this Court's jurisdiction.

The complaint is **DISMISSED**, *sua sponte*, for lack of jurisdiction. *See* RCFC 12(h). Plaintiff's motion for judgment on the administrative record (ECF 8) and "Amended Motion for Estoppel by Silence and for Ex Parte Judgment" (ECF 16) are **DENIED AS MOOT**. The Clerk is directed to serve this opinion and order on Plaintiff by electronic mail.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge