# In the United States Court of Federal Claims

No. 25-526T

(Filed: September 15, 2025)

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RAMEY ALAINE CHISUM,       *

                                      *

             Plaintiff,        *

                                        *

v.                                           *

                                        *

THE UNITED STATES,         *

                                        *

             Defendant.      *

                                        *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Plaintiff Ramey Alaine Chisum, proceeding *pro se*, makes a variety of allegations related to the role of space exploration in climate change. *See* Compl. (ECF 1). This Court previously ordered Plaintiff to "identify specific claims within this Court's jurisdiction, and the legal basis for jurisdiction[.]" *See* Order (ECF 5). In response, Plaintiff highlighted several environmental laws that the government allegedly violated, plus the United Nations Framework Convention on Climate Change and the Constitution's protections for "life, liberty, and property." *See* Response to Show Cause Order (ECF 10). The Complaint is **DISMISSED**, *sua sponte*, for lack of jurisdiction. *See* RCFC 12(h)(3).

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3).

"In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared

by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements.*"* *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

The first problem with the Complaint is that Plaintiff does not seek forms of relief this Court can grant. Outside of cases involving government procurements, *see* 28 U.S.C. § 1491(b)(2) (authorizing declaratory and injunctive relief in bid protests), this Court issues judgments for money. *United States v. King*, 395 U.S. 1, 4 (1969); *First Hartford Corp. v. United States*, 194 F.3d 1279, 1294 (Fed. Cir. 1999); *Ruttenberg v. United States*, 65 Fed. Cl. 43, 49–50 (2005). The Tucker Act allows this Court to grant injunctive and declaratory relief at the same time as a money judgment, but only when "incident of and collateral to" the money. *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1999) (quoting 28 U.S.C. § 1491(a)(2)); *Wilburn v. United States*, 103 Fed. Cl. 495, 498 (2011).

Here, Plaintiff asks this Court to (1) "[o]rder NASA to cease all use and exploration of Space/Outer Space," (2) "[a]llow my family relocation to a drier climate less impacted by climate change," and (3) "[o]rder NASA to launch a mass worldwide campaign to end space exploration and use." *See* Compl. at 3. None of those remedies appears to request money. The first and third requests are for injunctions, and the second seems to seek permission to exercise constitutional rights Plaintiff already has. *See Saenz v. Roe*, 526 U.S. 489, 498 (1999) (recognizing the constitutional right to interstate travel). The Complaint can be dismissed for that reason alone.

Assuming the Complaint involves a claim for money, it is outside this Court's jurisdiction for other reasons. Plaintiff's claims about the government's role in climate change are only "generalized grievance[s]," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 575 (1992), which federal courts lack jurisdiction to address. That, too, is a sufficient ground for dismissing the Complaint.

And even leaving that aside, Plaintiff has not alleged any basis to claim money. Money claims in this Court under the Tucker Act are premised on (1) contracts between the plaintiff and the United States, (2) illegal exactions of money by the United States, or (3) laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)); *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011). Claims in the third category require a "money mandating" source of federal

law, that is, a federal statute or regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained and is reasonably amenable to the reading that it mandates a right of recovery in damages." *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (quotes and citations omitted) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983), and *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003)). Plaintiff does not allege a contract with the federal government or raise a claim for recovery of money the United States exacted, so Plaintiff's claims must be based on a money mandating source of law.

Several of Plaintiff's claims are outside this Court's jurisdiction because they are based on statutes that are not money mandating. Persuasive authority holds as much for some of the statutes. *See Broughton v. United States*, No. 18-573C, 2018 WL 5307677, at *3 (Fed. Cl. Oct. 26, 2018), *aff'd*, 767 F. App'x 991 (Fed. Cir. 2019) (Clean Air Act); *United States Home Corp. v. United States*, 92 Fed. Cl. 401, 412 (2010) (Comprehensive Environmental Response, Compensation, and Liability Act); *Hufford v. United States*, 87 Fed. Cl. 696, 705 (2009) (National Environmental Policy Act's implementing regulations); *Ayres v. United States*, 66 Fed. Cl. 551, 561 (2005) (Toxic Substances Control Act). Other statutes have not been previously considered by this Court, but lack any provision for a private monetary remedy. 16 U.S.C. § 1540(g) (establishing injunctive relief for violation of the Endangered Species Act); Pub. L. 85-568, § 203(b)(5), 72 Stat. 426, 430 (1958) (creating National Aeronautics and Space Administration); *see also McKuhn v. United States*, No. 18-107C, 2018 WL 2126909, at *2 (Fed. Cl. May 9, 2018) (finding that a statute which created a government agency did not mandate money).

Other environmental laws cited by Plaintiff do involve monetary remedies. But claims under those statutes are assigned to federal district courts. 42 U.S.C. § 6972 (Resource Conservation and Recovery Act); 42 U.S.C. § 300j-8 (Safe Drinking Water Act); 33 U.S.C. § 1415(g) (Marine Protection, Research, and Sanctuaries Act). This Court lacks jurisdiction over claims for money where Congress assigns resolution of those claims to other government bodies. *Horne v. Dep't of Agric.*, 569 U.S. 513, 527–28 (2013); *Ogburn v. United States*, No. 2022-2189, 2023 WL 2808066, at *2 (Fed. Cir. Apr. 6, 2023).

That leaves Plaintiff's treaty and constitutional claims. Claims based on treaties are outside this Court's jurisdiction unless explicitly provided for by Congress. 28 U.S.C. § 1502. Congress does not appear to have authorized claims for money under the United Nations Framework Convention on Climate Change.

Constitutional claims can be within this Court's jurisdiction, when the relevant provisions are money mandating. But generic assertions of unspecified constitutional violations are not enough. *Bechard v. United States*, No. 16-1177C, 2017 WL 486946, at *3 (Fed. Cl. Feb. 6, 2017). Plaintiff must identify what constitutional provisions she wishes to sue under.

Plaintiff appears to argue that the government has threatened her "life, liberty, and property" with "unlawful seizure of air and environment." Compl. at 1. Interpreted most favorably, Plaintiff may be making either a due process claim or a claim for a taking without the compensation required by the Fifth Amendment. The Due Process Clause is not money mandating. *Perry v. United States*, 524 F. App'x 680, 681 n.1 (Fed. Cir. 2013). While a Fifth Amendment takings claim is money mandating, Plaintiff has not alleged the taking of any private property. *See* Compl.; *Knick v. Twp. of Scott, Pa.*, 588 U.S. 180, 184 (2019); U.S. Const. amend. V. Absent an allegation that the government has taken private property, Plaintiff cannot assert a cognizable takings claim under the Fifth Amendment. *See M & J Coal Co. v. United States*, 47 F.3d 1148, 1154 (Fed. Cir. 1995).

On review of Plaintiff's filings, I am unable to identify claims within this Court's jurisdiction. Thus, these claims must be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint (ECF 1) is **DISMISSED**, *sua sponte*, for lack of jurisdiction. *See* RCFC 12(h)(3).

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge